**Dario L. Toffenetti, Appellee, v. J. W. D. Mellor et al., Appellants.**

**Gen. No. 29,902.**

1. AGENCY—*payment to designated agent as discharge of debtor.* If an insured selected a representative of insurer as his agent to receive money from the insurer in payment of loss, payment of such loss to such agent would discharge the insurer.

2. AGENCY—*designation of agent to receive payment not made.* Insured held not to have designated insurer's representative as his agent to receive payment of a loss, though proof of loss contained agreement that "settlement in account with" a representative of the insurer should be a sufficient discharge of the insurer.

Appeal by defendants from the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924. Affirmed. Opinion filed October 28, 1925.

LORD, WIRE & COBB, for appellants; CHARLES L. COBB, of counsel.

MILLARD R. POWERS and GESAS & LEONARD, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover a balance which he claimed was due him under an insurance policy issued by the defendants,

insuring him against loss of rent accruing under leases on certain property in Chicago. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor for $3,461.70.

The parties filed a written stipulation of substantially all the facts in the case from which it appears that the defendants, underwriters, at Lloyd's, London, issued through their agents, W. W. Barton & Company and Duffin & Company, the policy of insurance in question, whereby plaintiff was insured against loss of rent arising from certain premises, which he owned and which he had rented in Chicago. Barton & Company were insurance brokers, located in London, and Duffin & Company were brokers with offices in Chicago. It further appears from the stipulation that the terms of the insurance are set up in a "binder," which was attached to and made a part of the policy; that the binder was signed and delivered for the underwriters to plaintiff by Duffin & Company; that it contained inter alia, the following: "In consideration of the stipulation herein contained, the several individual underwriters at Lloyd's, London, as appears on contract on file in the office of Duffin & Company, Chicago, to which the binder specially referred." And there was a provision that if the premium for the insurance was not received by Duffin & Company at Chicago within ten days from the date thereof, the binder would be of no force and effect; that payment by the assured to his broker should not constitute payment to Duffin & Company; that the binder might be canceled upon five days' notice being given through Duffin & Company; that the binder was not to be valid unless signed by Duffin & Company. There was a further provision that the underwriters would not be liable under the policy unless the plaintiff gave notice in writing by registered mail to Duffin & Company, Chicago, within thirty days after the default in payment of any rent; that the policy might be canceled by the underwriters or by Duffin & Company upon

return of any unearned premiums, and that the policy was not assignable without the consent of the underwriter, bearing the signature of Duffin & Company. The policy was dated November 1, 1922, and there was a default in payment of rent by plaintiff's tenants, beginning December, 1922, of which default plaintiff notified Duffin & Company as representing defendant. Duffin & Company took the matter up and on May 24, 1923, notified plaintiff in writing that they, as representatives of the underwriters, had canceled the policy on that date and inclosed their check to plaintiff for the unearned premium, stating, as their reason for canceling the policy, that they had been advised that the rental reserved by the leases was excessive for the location of the property. Afterwards plaintiff took the matter of the amount of the adjustment of his loss up with Toplis & Harding, insurance adjusters, located in Chicago, who were representing the defendants, and after considerable negotiation the amount of the loss was agreed upon between plaintiff and the defendants' adjusters, and the adjusters having received the data from plaintiff, prepared a proof of loss, the proof of loss being made on a printed blank by filling in the necessary information in the blank spaces left for that purpose. This proof of loss was submitted by the adjusters to plaintiff and it was executed by him and it was apparently forwarded to the underwriters through their representatives to London, and upon receipt of it by the underwriters they paid the amount of the loss to their agents, Barton & Company at London, who in turn forwarded the money to the underwriters' agents, Duffin & Company, Chicago. Duffin & Company seems to have had some financial difficulties and failed to turn over to plaintiff all the money, so that there was remaining due plaintiff under his policy the amount for which he brought suit.

The defendants contend that payment by them to Duffin & Company discharged them from all liability

and they base this contention on the fact that the proof of loss executed by plaintiff, above referred to, specifically authorized defendants to pay Duffin & Company in the discharge of their obligation. The proof of loss contained the following printed paragraph on which defendants rely: "I hereby make claim upon the insurers hereunder in the sum of $........ in full and final settlement of loss and (or) damage referred to and hereby authorize Messrs. W. W. Barton and Company to collect this claim and I agree that settlement in account with them and by them with Messrs. Duffin and Company shall be a sufficient discharge to the underwriters and Messrs. W. W. Barton and Company." Of course plaintiff might, if he saw fit, select Duffin & Company, or any other representative in Chicago, as his agent to receive the money for him and, if he did this, obviously the payment of such designated agent would discharge the defendants. But, in the instant case, the question whether Duffin & Company were the representatives of plaintiff to receive the money, as the defendants contend, is not to be determined alone by the one provision in the proof of loss but all the facts and circumstances as shown by the record must be taken into consideration and, when this is done, we think it clear that plaintiff in signing the proof of loss prepared by the defendants' representatives did not make Duffin & Company his agent, so that payment to him would discharge the defendants. Duffin & Company were defendants' agents in the execution of the binder, and the provisions of the binder show that Duffin & Company were given broad power. The premium was to be paid to them. They might cancel the policy if they saw fit. Notice of any default was required to be given by plaintiff to them. Plaintiff gave such notice and negotiations were had prior to the cancellation of the policy, and Duffin & Company afterwards canceled the policy and returned a part of the unearned premium. The printed blank upon which

the proof of loss was made was prepared by the defendants' representatives, the adjusters, and plaintiff did nothing more than to sign the proof of loss after it had been filled out by such adjusters. The selection of Duffin & Company to receive and pay out the money was for the sole benefit of the defendants. In these circumstances, we are in accord with the learned trial judge, who said, when deciding the case, that the proof of loss prepared as defendants required was so done to satisfy themselves, and that Duffin & Company were merely an instrument through which payment was to be made. The money not having been paid to plaintiff, he is entitled to recover and the judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., concurs.

MR. JUSTICE TAYLOR, specially concurring: The insured said in writing that he would be satisfied to release the insurer if the money was paid to Duffin & Company, the insurer's agent. The question arises whether a consideration in fact was given by the insurer for the act to be performed by the insured. What was contemplated was a unilateral contract, a promise on the part of the insurer and something to be done by the insured. But here the insured was already indebted to the insurer, and placing the money in the hands of Duffin & Company, its agent, was merely doing what it was already obliged to do in payment of its obligation of insurance. In other words, the insured was already indebted to the insurer, and by putting the money in the hands of Duffin & Company, its agent, it did not suffer any further detriment as the result of the insurer's promise. Its position remained *in statu quo*. The insured had nothing after his promise that he did not have before. It follows, therefore, that the promise of the insured was not binding or enforceable because there was no detriment to the promisee, nor advantage to the promisor.

The law on the subject is ably discussed in Willis-

ton on Contracts, ch. VI, and although, as there shown, it is still a subject on which courts take many different views, it seems reasonable to say, as applicable to the facts in this case, that where the promisee, the insurer, suffered no detriment and the promisor, the insured, receives no benefit, the whole transaction is but, in its nature, a *nudum pactum*.